UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR and YVONNE LUNA, | Civil No. 09-cv-2807-L(NLS) |
| Plaintiffs, | **ORDER DISMISSING ACTION WITHOUT PREJUDICE AND EXPUNGING NOTICE OF *LIS PENDENS*** |
| v. | |
| U.S. BANK, N.A., *et al.*, | |
| Defendants. | |

In this mortgage foreclosure action, Defendants U.S. Bank Association, successor in interest to the Federal Deposit Insurance Corporation as receiver for Defendant Downey Savings and Loan Association, and National Default Servicing Corporation ("Moving Defendants") filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs did not file an opposition or a notice of non-opposition as required by Civil Local Rule 7.1(f)(3)(a). On March 14, 2011 the Court ordered Plaintiffs no later than March 21, 2011 to show cause why the Moving Defendants' motion should not be granted as unopposed pursuant to Civil Local Rule 7.1(f)(3)(c) and the complaint dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Plaintiffs were ordered together with a response to the order to show cause to file either a proposed opposition to the Moving Defendants' motion or a notice of non-opposition. They were admonished that if they failed timely to comply with the Order to Show Cause, the Moving Defendants' motion to dismiss would be granted as

unopposed pursuant to Civil Local Rule 7.1(f)(3)(c) and the action would be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

To date Plaintiffs have not responded to the Order to Show Cause in any way. The Court takes judicial notice that Plaintiffs' counsel Kent C. Wilson has filed more than 130 mortgage cases in the United States District Court for the Southern District of California since April 28, 2009, none of which has yet been successful for the plaintiffs. In reviewing the cases Mr. Wilson has filed that have been assigned to the undersigned, the Court has noted repeated procedural problems, *e.g.,* failure to serve defendants, failure to respond to motions to dismiss, and failure to file amended complaints. (For a list of cases see *Ambriz v. Accredited Home Lenders, Inc.*, civil case no. 10cv460-L(WMc), Order to Show Cause Why Sanctions Should Not Be Imposed on Attorney Kent Wilson, dated Aug. 24, 2010.)

As in many other cases he filed, Mr. Wilson failed to serve one of the Defendants in this case. Accordingly, on August 24, 2010, Defendant American Home Network ("American Home") was dismissed for failure to prosecute. (Docket no. 16.)

Also as in many other cases, in response to the Moving Defendants' motion to dismiss, Plaintiffs' counsel filed neither an opposition nor a notice of non-opposition, as required by Civil Local Rule 7.1(f)(3)(a). The rule is designed to relieve the court of the burden of reviewing the merits of a motion without the benefit of full briefing, because such a review requires a significant amount of scarce judicial time. Plaintiffs were given an opportunity to show cause why the Moving Defendants' motion should not be granted as unopposed pursuant to Civil Local Rule 7.1(f)(3)(c) and to file a proposed opposition to the motion if they intended to oppose it, or a notice of non-opposition, if they did not. Plaintiffs did not file anything. The Moving Defendants' motion to dismiss is therefore **GRANTED** as unopposed. Because no other Defendants or claims remain in this case, the action is **DISMISSED.**

In the alternative, the action is **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Rule 41(b) provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." District courts have the authority to dismiss *sua sponte* "cases

that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).

To determine whether to dismiss an action for failure to prosecute or failure to comply with a court order, the court must weigh five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (dismissal with prejudice for failure to timely file amended petition).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Since May 2010, when they unsuccessfully attempted to file an amended complaint,[1] Plaintiffs have not taken any steps to prosecute this action.  The first factor therefore favors dismissal.  *See Pagtalunan*, 291 F.3d at 642 ("failure to pursue the case for almost four months").

With respect to the second factor, Plaintiff's failure to serve American Home, their untimely and unsuccessful filing of an amended complaint, and failure to file an opposition or a notice of non-opposition in response to the Moving Defendants' motion consumed some of the court's time that could have been devoted to other cases on the docket, which are being diligently prosecuted.  *See id*.  "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as [Plaintiffs]."  Accordingly, this factor also weighs in favor of dismissal.  *Id*.

To make an adequate showing on the third factor, "a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with

---

[1] Plaintiffs' filing was rejected because it required leave to court or opposing party's written consent pursuant to Federal Rule of Civil Procedure 15(a).  (*See* Docket no. 8.)  Subsequently, Plaintiffs have not attempted to comply with Rule 15 to get their proposed amended complaint filed.

the rightful decision of the case. . . . [P]endency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal.  Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by unreasonable delays." *Id.* (internal quotation marks and citations omitted). However, the law presumes prejudice if the delay is unreasonable." *In re Phenylpropanolamine ("PPA") Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir.2006).  "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643.  "The presumption may be rebutted and if there is a showing that no actual prejudice occurred, that fact should be considered when determining whether the district court exercised sound discretion.  A plaintiff may proffer an excuse for delay that, if anything but frivolous, shifts the burden of production to the defendant to show at least some actual prejudice." *Id.* at 1228 (internal citations and quotation marks omitted).  Here, Plaintiffs have made no attempt to respond to the Order to Show Cause and explain whey their case should not be dismissed.  Because Plaintiffs' delay remains unexplained, the presumption of prejudice remains unrebutted.  The third factor therefore also favors dismissal. *See Pagtalunan*, 291 F.3d at 643.

With respect to the fourth factor, consideration of less drastic sanctions than dismissal must occur after the party had violated an order.  In the March 14, 2011 Order to Show Cause Plaintiffs were put on notice that they had violated the rules of court and failed to prosecute. Nevertheless, they were given an opportunity to give reasons why their case should not be dismissed and belatedly file a proposed opposition to the Moving Defendants' motion to dismiss. Plaintiffs were admonished that failure to timely comply with the order would result in dismissal.  They did not respond.  Because Plaintiffs were given an opportunity to avoid dismissal and chose not to take it, the fourth factor weighs in favor of dismissal.

Last, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 463.  This generally counsels against dismissal. *See PPA Prod. Liab. Litig.*, 460 F.3d at 1228. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits.  [Therefore] this factor lends

little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id*. (internal citations and quotation marks omitted). The last factor therefore does not counsel against dismissal. Based on the foregoing, Plaintiffs' action is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

Simultaneously with filing the complaint, Plaintiffs also recorded a Notice of Pendency of Action referencing the instant action with respect to their real property. (Docket no. 2.) "[T]he court shall order the notice expunged if the court finds that the pleading on which the notice is based does not contain a real property claim." Cal. Code Civ. Proc. § 405.31; *see also Id.* § 405.5 & 28 U.S.C. § 1964 (state law *lis pendens* provisions apply in federal court). This action has been dismissed in its entirety. Accordingly, no real property claims remain. Plaintiffs' notice of *lis pendens* is therefore **EXPUNGED**.

**IT IS SO ORDERED.**

DATED: March 24, 2011

                                                   M. James Lorenz
                                                   United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL